

NUMBER 13-17-00659-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                      Appellant,

v.

LEROY TORRES,                                                      Appellee.

---

On appeal from the County Court at Law No. 1
of Nueces County, Texas.

---

## DISSENTING OPINION

**Before Justices Contreras, Benavides, and Longoria**
**Dissenting Opinion by Justice Benavides**

I write separately to respectfully dissent to the majority's conclusion that the trial

court erred in denying the Department of Public Safety's (DPS) plea to the jurisdiction

regarding Leroy Torres's Uniformed Services Employment and Reemployment Rights Act

(USERRA) claim.  *See* 38 U.S.C.A. §§ 4301–4335 (West, Westlaw through P.L. 115-

223). The majority's opinion leads our armed forces to have no remedy in state courts when they have faced employment discrimination from a state agency due to their service to our country.

## A. Congressional Actions

The majority lays out a detailed history of abrogation of immunity by Congress through Supreme Court case law. To find abrogation by Congress, there must be an unequivocal intent to do so by Congress and action pursuant to a constitutional provision allowing such abrogation. *See Univ. of Tex. at El Paso v. Herrera,* 322 S.W.3d 192, 195 (Tex. 2010). Although DPS and the majority relies on *Alden v. Maine*, 527 U.S. 706 (1999), we cannot overlook the legislative committee report that came out of the USERRA legislation. House Report Number 105-448, which coincided with the introduction of the current version of USERRA, states that USERRA is a "continuation of policy enacted in 1940" and "applies to all employers, regardless of their size." H.R. Rep. No. 105-448, at 2 (1998). The House Report addresses the position taken by some states that the Eleventh Amendment makes USERRA inapplicable to state agencies, addressing the holding in *Seminole Tribe of Florida v. Florida*. *Id.* at 3 (citing 517 U.S. 44 (1996)). The House Report states the

> decisions [also referring to an Indiana and a Michigan court decision under former versions of USERRA] threaten not only a long-standing policy protecting individuals' employment right [sic], but also raise serious questions about the United States [sic] ability to provide for a strong national defense. Far more than in the days when the Constitution was being drafted, the peace enjoyed throughout much of the world is dependent on the responsive and powerful armed forces of the United States. Accordingly, to assure that the policy of maintaining a strong national defense is not inadvertently frustrated by States refusing to grant employees the rights afforded to them by USERRA, the committee is favorably reporting this legislation.

2

*Id.* at 5.

It is hard to imagine, based on the language found in the House Report requesting the Committee on Veterans' Affairs to recommend the current version of the legislation to a full House vote, that Congress did not intend to allow private citizens who served in the armed forces the ability to sue state agencies under USERRA in state courts. The report shows that Congress intended to protect citizens who served our country in suits against a state when they were discriminated against by an employer upon returning from combat. The House Report supports the intention to abrogate state sovereign immunity under USERRA.

**B. State Actions**

The Texas Legislature also added certain provisions to the Texas Government Code which provide special protections to members of the armed forces returning to their former employment. Those protections give former servicemembers a remedy to seek if they are discriminated against. I argue that those provisions prove an intent of the Texas Legislature to waive sovereign immunity in these narrow exceptions.

The parties and the majority refer to chapter 437 of the government code, entitled "Texas Military." *See* TEX. GOV'T CODE ANN. § 437.401–419 (titled "Administrative Review and Judicial Enforcement") (West, Westlaw through 2017 1st C.S.). A member of the state military forces would be entitled to restoration to his former position of employment if he was called into duty. *See id.* § 437.202(d) (West, Westlaw through 2017 1st C.S.). Any issues with reemployment are referred to the Texas Workforce Commission. *See id.* § 437.402(a). Although chapter 437 shows an intent of the legislature to protect Texas service members, the majority mainly refers to its administrative remedies and finds that

3

Torres has not exhausted all administrative remedies available to him. However, under USERRA, Torres could file a claim with the Secretary of Labor and petition the United States Attorney General to represent him in federal court *or* could file a claim on his own in state district court. *See* 38 U.S.C.A. § 4323(a)(1), (3) (emphasis added). Torres is not required under USERRA to first file a claim with an administrative agency. *See id.* Therefore, the majority's statement that Torres has not exhausted all his administrative remedies and not raised facts showing the trial court had jurisdiction over his claims is puzzling. Additionally, the majority's statement that "assuming but not deciding that section 437.412 clearly and unambiguously waives sovereign immunity for certain claims" but not Torres's is confusing. It appears the majority concludes that the State's sovereign immunity would be waived if Torres had exhausted all his administrative remedies. However, since no specific administrative procedures are required under USERRA and Torres followed the requirements of USERRA, then it would rationally follow that the majority agrees that chapter 437 would waive the state's sovereign immunity.

Besides chapter 437, I would argue that chapter 613 of the government code is applicable to Torres's claim. While I agree that chapter 437 applies to Texas state military, chapter 613, titled "Reemployment Following Military Service," includes wording to specifically include federal and state military servicemembers. The majority addresses government code chapter 613 in a footnote.[1]

Chapter 613, defines "military service" as service as a member of the Armed Forces of the United States, Texas National Guard, Texas State Guard, or reserve

---

[1] Although as the majority points out, neither party raised this section in their briefs before this Court.

4

component of the Armed Forces of the United States.  TEX. GOV'T CODE ANN. § 613.001

(West, Westlaw through 2017 1st C.S.).  Chapter 613.002 states:

> (a)  A public employee who leaves a state position or a position with a local governmental entity to enter active military service is entitled to be reemployed:
>
>> (1)  by the state or the local governmental entity;
>>
>> (2)  in the same department, office, commission, or board of this state, a state institution, or local governmental entity in which the employee was employed at the time of the employee's induction or enlistment in, or order to, active military service; and
>>
>> (3)  in:
>>
>>> (A)  the same position held at the time of the induction, enlistment, or order;
>>>
>>> or
>>>
>>> (B)  a position of similar seniority, status, or pay.
>
> (b)  To be entitled to reemployment under Subsection (a), the employee must be:
>
>> . . .
>>
>> (2)  physically and mentally qualified to perform the duties of that position.

*Id.* § 613.002 (West, Westlaw through 2017 1st C.S.).  Chapter 613.003 includes:

> A public employee who cannot perform the duties of a position to which the employee is otherwise entitled under Section 613.002 because of a disability the employee sustained during military service is entitled to be reemployed in the department, office, commission, or board of the state, a state institution, or a local government entity in a position that the employee can perform and that has:
>
> (1)  like seniority, status, and pay as the former position; or
>
> (2)  the nearest possible seniority, status, and pay to the former position.

*Id.* § 613.003 (West, Westlaw through 2017 1st C.S.).

Additional provisions in chapter 613 lay out the procedure for compliance with the law:

(a)     If a public official fails to comply with a provision of Subchapter A, a district court in a district in which the individual is a public official may require the public official to comply with the provision on the filing of a motion, petition, or other appropriate pleading by an individual entitled to a benefit under the provision.

*Id.* § 613.021 (West, Westlaw through 2017 1st C.S.). Chapter 613.022 allows for the district attorney in the appropriate district to act in place of the individual filing under this provision. *See id.* § 613.022.

Chapter 613 allows a servicemember who was aggrieved by a public official (which a state agency would fall under) to file suit in a state district court and force the official to comply with the reemployment requirements of chapter 613, similar to USERRA. *Id.* Although the majority states that chapter 613 would not apply in this case because Torres only requested monetary damages in his petition, doing so would ignore that chapter 613 falls in line with one of the remedies offered under USERRA, which can also include a request for reemployment. *See id.*; 38 U.S.C.A. § 4323. By following the majority's reasoning, it would seem that if Torres had filed suit and requested reemployment (as he originally tried to do upon his return from active duty) instead of requesting damages under USERRA, then the majority would agree there was abrogation by the state legislature. But due to the fact Torres requested damages, as allowed by USERRA, the majority finds there is no abrogation by the Texas Legislature under this provision. We cannot split a code provision in half. Either we find that under section 613, the Texas legislature clearly intended to abrogate its sovereign immunity in cases involving

6

reemployment of military servicemembers or we remand this case back to the trial court and allow Torres to replead his grounds.

As a final note, USERRA also includes the term "private employer," which includes a political subdivision of the State. 38 U.S.C.A. § 4323(i). A "political subdivision" is defined as a "division of a state that exists primarily to discharge some function of local government." *Political Subdivision*, BLACK'S LAW DICTIONARY (10th ed. 2014). An individual bringing suit under USERRA can sue a "private employer" in federal district court. *See* 38 U.S.C.A. § 4323(b)(3). Chapter 613 also finds that servicemembers that previously had positions with local governmental entities have the right to sue for reemployment. *See* TEX. GOV'T CODE ANN. § 613(a)(1). Congress specifically included language to make sure a local government agency could be sued in federal court and seemingly not be able to assert sovereign immunity to avoid suit. *See* 38 U.S.C.A. § 4323. The Texas Legislature also included local government agencies in its code to give employees a remedy against reemployment discrimination. *See* TEX. GOV'T CODE ANN. § 613(a)(1). For this Court to hold that although the federal or local governments are open to suit for discrimination, but not the state, is illogical. The federal and state provisions were written in such a way to allow for abrogation of sovereign immunity in federal and state courts to protect our servicemembers upon return from duty.

### C.     Conclusion

When taken together, the legislative report created with the USERRA legislation, as well as the government code chapters 437 and 613, show an intent of both the federal and state legislatures to waive sovereign immunity in Texas. Torres's claim should be

7

allowed to go forward, or in the alternative, this Court should remand to allow Torres an opportunity to replead the allegations in his petition.  I respectfully dissent.


GINA M. BENAVIDES,
Justice

Delivered and filed the
20th day of November, 2018.